# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL HASHIM | : |
| 536 Big Bend Drive | : |
| Keller, TX 76248, | : |
| | : |
| and | : |
| | : |
| U.S. CLAIMS SERVICES, INC. d/b/a | : |
| PAYNE RICHARDS & ASSOCIATES | : |
| 3801 Pegasus Dr., Unit No. 101 | : |
| Bakersfield, CA 93380, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| DOMINICK DeSIMONE | : |
| 845 Cross Street | : |
| Philadelphia, PA, 19147, | : |
| | : |
| and | : |
| | : |
| ANDREW AUSTIN, ESQUIRE | : |
| P.O. Box 54628 | : |
| Philadelphia, PA 19145, | : |
| | : |
| Defendants. | : |

## **COMPLAINT FOR DAMAGES**

Plaintiffs Paul Hashim ("Hashim") and U.S. Claims Services, Inc. d/b/a Payne Richards & Associates ("Payne Richards") (collectively "Plaintiffs") file this Complaint against defendants Dominick DeSimone ("DeSimone") and Andrew Austin, Esquire ("Austin") (collectively "Defendants") and in support thereof aver as follows:

## INTRODUCTION

This case involves the Defendants' unlawful initiation and maintenance of a purported nationwide class action lawsuit alleging unfair trade practices and fraud without either an investigation into the allegations or probable cause to do so. When repeatedly asked for the legal and factual bases for the claims against Hashim and Payne Richards, Defendants DeSimone and Austin failed to state any valid basis for their lawsuit but instead issued extortionate and escalating settlement demands and threats. After Defendants were placed on notice of the defects in their case, Defendants doubled down by multiplying allegations of fraud against Hashim as he was hospitalized and seriously ill. Defendants initiated and maintained the suit against Hashim and Payne Richards for the improper purpose and with the intent that doing so would coerce Hashim and/or Payne Richards into paying an unwarranted and exorbitant settlement despite the fact that the claims had no merit. After being forced to contest and defeat the Defendants' baseless lawsuit and as a result of the damages that they suffered as a direct result of Defendants' illicit actions, Hashim and Payne Richards bring this action to recover for those losses.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties. Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

1

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because, upon information and belief, both Defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

3. Plaintiff Paul Hashim ("Hashim") is an adult individual, a resident of the State of Texas residing at 536 Big Bend Drive, Keller, Texas, 76248.  Mr. Hashim is the principal of Payne Richards & Associates.

4. U.S. Claims Services, Inc. d/b/a Payne Richards & Associates ("Payne Richards") is a Texas corporation with a principal place of business located at 3801 Pegasus Drive, Unit No. 101, Bakersfield, California, 93380.

5. Defendant Dominick DeSimone (hereafter "Defendant" or "DeSimone"), upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania, presently residing at 845 Cross Street, Philadelphia, Pennsylvania, 19147.

6. Defendant Andrew Austin, Esquire, is an adult individual and an attorney licensed to practice law in the courts of the Commonwealth of Pennsylvania, who upon information and belief, has his principal place of business in Philadelphia, Pennsylvania and has a business address of P.O. Box 54628, Philadelphia, Pennsylvania, 19145.  Defendant Austin represented Defendant DeSimone in the litigation which forms the basis for the claims in this action.

## FACTS SUPPORTING PLAINTIFFS' COMPLAINT

### Background

7. The instant dispute initially arose under the Unclaimed Property Laws of the various United States.  In this particular case, Plaintiff Payne Richards assisted Defendant DeSimone on two (2) separate occasions under two separate contracts dated May 31, 2018 and April 17, 2019, copies of which are attached and incorporated by reference as Exhibits A and B.

8. The existence of unclaimed property or escheatment laws throughout the United States has created a growing market for asset recovery services such as those provided by Plaintiff Payne Richards. The various Unclaimed Property Laws in effect across the United States apply to many different types of assets that may include stocks, bank and safe deposit box contents, life insurance policy proceeds, mineral rights and royalties, notes, financial instruments, and many other assets, such as utility deposits, small refund payments, etc. The Unclaimed Property Laws vary from jurisdiction to jurisdiction each of which have their own rules and regulations.

9. Plaintiff Payne Richards is a firm of licensed private investigators that specializes in discovering unclaimed funds and reuniting them with the rightful owners. Payne Richards is one of the largest such service providers in the United States and over the past ten (10) years has helped more than 500,000 customers recover roughly $12.5 million of their missing money, per year.

10. Unclaimed funds typically range from $100 to $1,000 and, after returning the funds to the rightful owner, Payne Richards is paid a statutorily-set finder's fee which is a percentage of the unclaimed property value. As mandated by Unclaimed Property Laws, fees typically range from ten (10%) to fifteen percent (15%). In Pennsylvania, for example, the fee is set at fifteen percent (15%) pursuant to 72 P.S. § 1301.11(g)(2).

11. The same statutes also require certain disclosures which are to be set forth in the contracts between companies, like Payne Richards, and the claimant (or owner) which in this case was Defendant DeSimone. These requirements include that Payne Richards disclose to the claimant the location and amount of the funds and even the account number. The Payne Richards contracts with DeSimone are in the format specified and approved by the Commonwealth of Pennsylvania, which is the regulatory authority that dictates the language in the statutorily approved form.

12. Both the government and private companies (typically referred to as "Holders" in the parlance of the Unclaimed Property Law) are also required to provide multiple notices to the

3

owners and to undertake due diligence to locate the owners so that the property may be returned to the owner, which is the primary purpose of the Unclaimed Property Law. The secondary purpose of this set of laws is to give the states the use of the property while the owner is located.

13. Defendant DeSimone received many notices regarding the funds prior to Plaintiff Payne Richard's communications with him, which included those sent first by the "holder," which was the company that escheated Defendant DeSimone's property to the State (*see* 72 P.S. § 1301.10a); and later, the statutory and constitutional notices from the Pennsylvania State Treasurer, who administers Pennsylvania's Unclaimed Property Program. (*See* 72 P.S. § 1301.12.) The notices sent by the Treasurer to Defendant DeSimone included direct mail, publication notice, and internet notice. Defendant DeSimone's property was posted on the Treasurer's public website for two (2) years. (*See* 72 P.S. § 1301.12.) Defendant DeSimone even acknowledged that he was free to claim his property from the State at any time but that he had failed to do so. See DeSimone's First Amended Complaint in *Dominick DeSimone v. U.S. Claims Services, Inc., and Paul Hashim* Case No. 19-CV-6150 ("FAC") (at ¶ 12). In fact, the reason Defendant DeSimone's property was in the custody of the Treasurer as "unclaimed property" in the first place was that Defendant DeSimone lost and misplaced certain paychecks, so that the funds were "escheated" or transferred to the Treasurer as lost and unclaimed property.

14. Defendants readily admitted that Plaintiff Payne Richards followed the law as directed by the Treasurer in Pennsylvania, which is the government regulator, and that the contract which Defendant DeSimone signed with Plaintiff Payne Richards was on the form approved by the Treasurer. (*See* 72 P.S. § 1301.11(g)(2); *see also* Exhibits A and B.) But Defendants believe the Treasurer should require "finders," like Plaintiff Payne Richards, to include other commercial free speech in their forms of an unspecified nature.

4

15. Plaintiff Payne Richards assisted Defendant DeSimone on two (2) separate occasions under two separate contracts dated May 31, 2018 and April 17, 2019, copies of which are attached and incorporated by reference as Exhibits A and B. Plaintiff Payne Richards incorporated the statutorily required information into its agreements with Defendant DeSimone, which is evident on the face of Exhibits A and B and includes the agency where the account containing the funds is located.

16. Plaintiffs received no objection or complaint from Defendant DeSimone, at the time, and successfully processed two (2) claims for $841.97 and $469.10, respectively. The total fees earned from Defendant DeSimone was $126.30 in 2018 (*see* Exh. A) and $70.37 in 2019 (*see* Exh. B). Defendant DeSimone never paid and still owes the second fee of $70.37.

17. However, on November 5, 2019, Payne Richards began receiving a series of communications from Defendant Andrew B. Austin. These communications threatened that unless Payne Richards and Hashim immediately paid $2,500 to DeSimone and $2,500 to his attorney Austin, then Austin would file "a nationwide class action lawsuit" against them on behalf of Defendant DeSimone. Defendants did not provide the basis for or the theory of liability on which Defendants based their demands for payment.

18. The communications by attorney Defendant Austin indicated that the "offer expires November 14th 2019 at 5:00 PM EST" and gave nine (9) days to make payment. (*See* Defendant Austin's letter of November 5, 2019, attached to Exh. C to this Complaint.) Unless Plaintiffs immediately paid a large amount of money to Defendants in a short amount of time then a nationwide class action litigation would follow.

19. In response, counsel for Payne Richards and Hashim asked for the factual and legal basis for the demands. (*See* Exhibits C, E.) Neither Defendant responded to this request.

20. When the arbitrary deadline passed without a payment being made, Defendant Austin made a fresh demand that the "new settlement offer is $25,000" which had to be paid by November 20, 2019, or DeSimone and Austin would file a nationwide class action complaint against Payne Richards and Hashim on behalf of every consumer ever assisted by Plaintiff over the course of its business lifetime:

> If your clients correctly wish to avoid litigation, the new settlement offer is $25,000 with acceptance prior to Wednesday, November 20th 2019 at 5:00 PM EST. Otherwise we will initiate action at our pleasure in the Eastern District of Pennsylvania with a Complaint and Motion for Preliminary Injunction on behalf of the proposed class.

(*See* Exhibits D, H.)

21. Counsel for Payne Richards and Hashim again asked attorney Defendant Austin to provide the factual and legal basis for the money demand and Austin refused or was unable to do so. (*See* Exhibit G.) Instead, Defendant Austin claimed that compliance with Pennsylvania's Unclaimed Property Law does not mean that Payne Richards has complied with the state and federal consumer protection laws. (*See* Exhibit C - G email/correspondence exchange.)

22. Based on the allegations in the correspondence (Exhibits C and D), it appeared that Defendants were requesting a different form of notice be provided by Plaintiff than what is required by the Unclaimed Property Law statutes and the regulatory authority. Although, to this day, Defendants have never provided specific language that they believed should be inserted in every mailing made by Plaintiff Payne Richards.

23. On or about December 2, 2019, when Payne Richards refused to accede to the demands (Exhibits C, E), Defendant Austin filed a civil lawsuit on behalf of Defendant DeSimone against Payne Richards and Hashim in the Court of Common Pleas, Philadelphia County, Civil Division, captioned *Dominick DeSimone v. U.S. Claim Services, Inc. and Paul Hashim* Case No. 191200218 (hereafter the "State Court Complaint"). A true and correct copy of the State Court

Complaint in the underlying lawsuit is attached hereto, incorporated herein and marked as Exhibit H.

24. The State Court Complaint alleged that Plaintiff is a "finder" engaged in the business of connecting property owners with their unclaimed property escheated to the state." (*See* Exhibit H at ¶ 7.) Paul Hashim, the principal of Plaintiff, was also named as a "finder" registered with the Pennsylvania State Treasurer in accordance with 72 P.S. §1301.11a.

25. The State Court Complaint alleged that in "early April, 2019, Mr. DeSimone was contacted by . . . U.S. Claim[] Services, advising him that [U.S. Claim Services] had identified unclaimed property belonging to him in the value of $469.10. (*See* Exhibit H at ¶ 28.)

26. According to the State Court Complaint, "at no time did Mr. DeSimone know or suspect that . . . U.S. Claim Services' services were unnecessary or that he could recover his unclaimed property himself. Therefore, Mr. DeSimone completed, signed, and had-notarized [*sic*], believing it to be necessary to recover his monies." (*See* Exhibit H at ¶ 30.)

27. According to the State Court Complaint, "had Mr. DeSimone known that he could recover his money without using [U.S. Claim Services'] services, he would have." (*See* Exhibit H at ¶ 31.)

28. According to the State Court Complaint, following receipt of the executed finder's agreement, "U.S. Claim Services . . . submitted Mr. DeSimone's claim to the Pennsylvania Treasurer and the full amount of monies was sent to Mr. DeSimone, pursuant to Pennsylvania laws." (*See* Exhibit H at ¶ 32.)

29. "Several months after recovering his money, Mr. DeSimone began receiving invoices from [U.S. Claim Services] for $70.36." (*See* Exhibit H at ¶ 33.)

30. Defendant DeSimone never paid the Payne Richard's invoice for finding the unclaimed property and submitting Defendant DeSimone's claim to the Pennsylvania Treasurer.

31. Nonetheless, the State Court Complaint sought monetary damages and injunctive relief on behalf of Defendant DeSimone and a putative class of "all persons nationwide that [*sic*] were solicited – and had successful claims to recover personal, family or household property – for which monies were invoiced – or debited – by [U.S. Claim Services] between January 11th 2018 and present." (*See* Exhibit H at ¶ 38.)

32. Specifically, Defendant DeSimone alleged claims on behalf of himself and the putative class under the Pennsylvania Unfair Trade Practices Consumer Protection Law, and the Texas Deceptive Trade Practices-Consumer Protection Act. (*See* Exhibit H at ¶¶ 50-69.)

33. Despite the fact that both contracts that Plaintiff sent Defendant DeSimone for the service of connecting him with the unclaimed property uncovered by Plaintiff "complied with the requirements of [72 P.S.] §1301.11(g), and identified . . . Paul Hashim as the registered finder [for U.S. Claim Services]" (see Exhibits A and B), Defendants claimed in the State Court Complaint that Payne Richards and Hashim were liable under the Pennsylvania Unfair Trade Practices Consumer Protection Law, and the Texas Deceptive Trade Practices-Consumer Protection Act because they "fail[ed] to disclose that the services they provide are unnecessary and freely available from the state that is holding the property." Defendants were aware or should have been aware that there is no such duty under Pennsylvania law. (*See* Pennsylvania Supreme Court decision in *Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811 (Pa. 2017) (hereafter "*Yenchi*").)

34. On December 27, 2019, the Plaintiffs filed an action for declaratory relief in this Court captioned *U.S. Claim Services, Inc., dba Payne Richards & Associates v. Dominick DeSimone*. On December 30, 2019, the State Court Complaint was removed to this Court and the related cases were eventually consolidated before the Hon. Judge Gerald J. Pappert.

35. In its first decision addressing the matter, the Court provided Defendants with the *Yenchi* cite. On March 11, 2020, the Court granted a motion to dismiss by Payne Richards and

8

Hashim but provided DeSimone the opportunity to amend only if they could allege a duty owed by Payne Richards and Hashim. The Defendants knew or should have known that they could not establish the existence of such a duty and they knew that Payne Richards and Hashim had complied with the laws of the Commonwealth of Pennsylvania. The Defendants were also aware that Payne Richards and Hashim had submitted their contracts for approval by the Pennsylvania Office of the State Treasurer.

36. Defendants were aware that there are many other licensees engaged in the same work under the same set of laws in Pennsylvania. But Defendants targeted Payne Richards and Hashim and repeatedly stated that their services are "worthless." Defendants goal was to drive these Plaintiffs out of business.

37. Defendants drew on a Los Angeles Times story entitled "Firm Charges Fee For Refund Data You Can Get Free" (dated June 30, 2014), but Defendants were aware that the California Unclaimed Property system is vastly different from that found in Pennsylvania. Defendants were aware that the California system had been closed with a federal injunction. Thus, the California system bore no resemblance to the process found in Pennsylvania. Defendants were repeatedly informed of the law and the facts but nonetheless plowed forward and maintained the action against Payne Richards and Hashim in knowing disregard of both the law and facts.

38. On multiple occasions, Payne Richards and Hashim asked that Defendants DeSimone and Austin discontinue their action and advised Defendants that their actions were harming the family business and costing Payne Richards and Hashim hundreds of thousands of dollars. In response, Defendant Austin expressed amusement.

39. Despite the fact that the action lacked merit, Payne Richards and Hashim, nonetheless, made a settlement offer to Defendants on March 16, 2020, which Defendants rejected,

9

and in response filed another amended complaint against Payne Richards and Hashim.  (*See* Exhibit I.)

40. During a March 13, 2020 conversation, Defendants had been informed that Plaintiff Hashim, who is elderly, was extremely sick and was hospitalized.  Counsel for Payne Richards and Hashim offered that if Defendants would dismiss Hashim as a party "without prejudice," then Defendants could amend him back into the lawsuit at any time if they discovered credible facts.  The Court had already noted in its March 11, 2020 Order that the facts plead against Hashim were insufficient.

41. On April 1, 2020, rather than dismissing Hashim, Defendant Austin doubled down and added a litany of false assertions that he knew to be untrue and on which Defendant DeSimone admitted he had never relied.

42. Despite knowing that the allegations had no basis in fact, Defendants included in the Amended Complaint an additional two (2) counts of fraud specifically directed at Hashim, whom they had just been told was extremely ill and in the hospital in an apparent effort to cause Hashim emotional and physical distress and anxiety.  Defendants were aware and were told that their actions were aggravating Hashim's physical condition and harming the family finances.  Defendant Austin knew Defendant DeSimone's specious case did not hinge on keeping the very ill Plaintiff Paul Hashim in a federal class action lawsuit.  Defendants did so merely as a cruel and cynical tactic calculated to harm the family finances and Hashim personally to extort money as they had been attempting to do from even before the outset of the case.  (*See* Exhs. C and D.)

43. On May 20, 2020, this Court dismissed Defendants' claims with prejudice, ordered that the clerk close the case, terminating the case in favor of Payne Richards and Hashim.  Attached as Exhibit J is the Court's Memorandum and Order dated May 20, 2020.

44. As a direct and proximate consequence of the Defendants' unlawful initiation and maintenance of the lawsuit, the Plaintiffs were injured as further described below.

## COUNT I

**(Wrongful Use of Civil Proceedings in Violation of 42 Pa. C.S.A. §§ 8351-8354)**

45. Plaintiffs hereby incorporate and re-state the averments set forth in the preceding paragraphs of this Complaint as though set forth herein and at length.

46. Defendants DeSimone and Austin initiated and maintained a civil suit which has been terminated in favor of Plaintiffs Hashim and Payne Richards.

47. Defendants DeSimone and Austin failed to investigate the allegations of the action against Plaintiffs Hashim and Payne Richards and had no probable cause for filing the action.

48. Defendants DeSimone and Austin initiated and continued the action against Plaintiffs Hashim and Payne Richards in a grossly negligent manner and/or with actual malice.

49. Defendants DeSimone and Austin initiated and continued the action against Plaintiffs Hashim and/or Payne Richards with the improper purpose and intent to coerce Plaintiffs Hashim and/or Payne Richards into paying an unwarranted and exorbitant settlement on a claim that had no merit.

50. Defendants' conduct was the direct and proximate cause of Plaintiffs' harm and damages. As a result of Defendants' conduct, Plaintiffs have suffered pecuniary injury, including reasonable attorney's fees, which were incurred in defending the action brought by Defendants DeSimone and Austin.

51. All actions undertaken by Defendants DeSimone and Austin were outrageous, willful, and malicious and without legal justification or excuse. The actions were undertaken by Defendants DeSimone and Austin with the intent to harm Plaintiffs. Plaintiffs therefore demand punitive damages from Defendants DeSimone and Austin.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants Dominick DeSimone and Andrew Austin, and respectfully request the following relief:

a. Actual damages as a result of the Defendants' tortious conduct in the amount of between $500,000.00 to $1,000,000.00, or in the amount to be proven at trial;

b. Incidental and consequential damages against Defendant Dominick DeSimone and Defendant Andrew Austin as permitted by law;

c. For punitive and exemplary damages in an amount appropriate to punish and set an example of Defendants DeSimone and attorney Andrew Austin for their willful and malicious conduct;

d. Plaintiffs' attorney's fees and costs against Defendants DeSimone and Austin;

e. A permanent injunction restraining Defendant Austin from engaging and/or alleging in future unlawful and/or fraudulent allegations as alleged in this Complaint.

f. Pre-judgment and post-judgement interest at the allowable statutory rate; and

g. All such other relief as this Court deems appropriate.

Respectfully submitted,

**WEIR & PARTNERS, LLP**

*/s/ Michael P. Broadhurst*
MICHAEL P. BROADHURST, ESQ.

*-  and  -*

**PALMER LAW GROUP, a PLC**

*/s/ William W. Palmer*
WILLIAM W. PALMER, ESQ.
*Pro Hac Vice* Counsel (Petition Pending)

*Attorneys for Plaintiffs Paul Hashim and U.S. Claims Services, Inc. d/b/a Payne Richards Associates*

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on any issue so triable by right.

**WEIR & PARTNERS, LLP**

*/s/ Michael P. Broadhurst*
MICHAEL P. BROADHURST, ESQ.

*And*

**PALMER LAW GROUP, a PLC**

*/s/ William W. Palmer*
WILLIAM W. PALMER, ESQ.
*Pro Hac Vice* Counsel (Petition Pending)

*Attorneys for Plaintiffs Paul Hashim and U.S. Claims Services, Inc. d/b/a Payne Richards Associates*